**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4840**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCUS JOHNSON, a/k/a Jay Johnson,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, Chief District Judge. (3:06-cr-00220-1)

Submitted: April 13, 2015          Decided: April 23, 2015

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David Schles, Charleston, West Virginia, for Appellant. Joseph Franklin Adams, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Johnson appeals the district court's judgment revoking his term of supervised release and sentencing him to 18 months' imprisonment, less 1 day, and 30 months' supervised release. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the evidence was sufficient to support the court's finding that Johnson violated a condition of supervised release and whether the sentence was procedurally and substantively reasonable. Although advised of his right to file a pro se supplemental brief, Johnson has not done so. The Government has declined to file a response brief. Following our careful review of the record, we affirm.

A district court's judgment revoking supervised release and imposing a term of imprisonment is reviewed for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012); Copley, 978 F.2d at 831. A preponderance of the evidence "simply requires the trier of fact to believe that the existence of a fact is more probable

2

than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted).

We conclude that the district court did not abuse its discretion in finding that Johnson violated two conditions of supervised release. Johnson voluntarily conceded to one of the two violations, and the evidence clearly supported the court's finding that Johnson committed a second violation.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence if it falls within the prescribed statutory range and is not plainly unreasonable. Id. In making this determination, we first consider whether the sentence imposed is procedurally or substantively unreasonable, applying the same general considerations employed in review of original criminal sentences. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [Sentencing G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). Only if we find the sentence unreasonable will we consider whether it is "plainly" so. Id. at 657 (internal quotation marks omitted).

A supervised release revocation sentence is procedurally reasonable if the district court considered the policy statements contained in Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2012) factors applicable to revocation sentences. 18 U.S.C. § 3583(e); Webb, 738 F.3d at 641. Although a district court must provide a statement of reasons for the sentence it imposes, it "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence[.]" United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Our review of the record reveals no procedural or substantive error by the district court. We thus conclude that Johnson's sentence is not plainly unreasonable.

In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Johnson, in writing, of the right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.

4

Counsel's motion must state that a copy thereof was served on Johnson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED